UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS JEROME GAUFF,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>R.J. FISHER, JR., Warden,<br><br>　　　　　Respondent. | Case No. 2:21-cv-01914-SVW-JC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION WITHOUT PREJUDICE |

## I.　SUMMARY

On February 26, 2021, petitioner Travis Jerome Gauff formally filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Current Federal Petition") under 28 U.S.C. § 2254. The Current Federal Petition challenges petitioner's 1997 conviction and sentence in Los Angeles County Superior Court Case No. YA026903 ("State Case").

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition and this action are dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of the Court is directed to refer the

///

Current Federal Petition to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[1]

## II.     PROCEDURAL HISTORY[2]

### A.     State Proceedings

In May 1997, in the State Case, a jury convicted petitioner of rape, oral copulation of a child under the age of 14, assault with a deadly weapon, and carjacking. On May 20, 1997, the trial court sentenced petitioner to 81 years in state prison.

Petitioner appealed his conviction to the California Court of Appeal, which affirmed the judgment as modified in a reasoned decision dated September 1, 1998. On December 16, 1998, the California Supreme Court summarily denied review.

Petitioner thereafter sought, and was denied habeas relief in the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court.

### B.     Prior Federal Action (CDCA Case No. 19-cv-10940-SVW-JC)

On December 19, 2019, petitioner formally filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Prior Federal Petition") in the Prior Federal Action. On July 14, 2020, this Court dismissed the Prior Federal Petition and the Prior Federal Action with prejudice because

---

[1] Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[2] The facts and procedural history set forth in this section are derived from the Current Federal Petition and supporting documents and dockets/court records in the following Central District of California ("CDCA") case of which this Court takes judicial notice: Gauff v. Fisher, CDCA Case No. 2:19-cv-10940-SVW-JC ("Prior Federal Action"). See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

petitioner's claims were barred by the statute of limitations. On July 15, 2020, Judgment was entered accordingly. Petitioner did not appeal.

### C. Current Federal Petition

As noted above, on February 26, 2021, petitioner formally filed the Current Federal Petition which again challenges the judgment in the State Case. The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[3]

## III. DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F.Supp.2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas

---

[3]A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

3

petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted); Reyes v. United States, 1999 WL 1021815 *3 (E.D.N.Y. 1999) (dismissal of first habeas petition for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) constitutes dismissal on the merits and renders subsequently filed habeas petition second or successive).

Petitioner's Prior Federal Petition was dismissed with prejudice as untimely – a determination which the Ninth Circuit has deemed to constitute a disposition on the merits. See McNabb, 576 F.3d at 1030. Accordingly, the Current Federal Petition is successive. Since petitioner filed the Current Federal Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

**IV. ORDER**

IT IS THEREFORE ORDERED that the Current Federal Petition and this action are dismissed without prejudice. The Clerk of the Court is directed to refer the Current Federal Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

IT IS SO ORDERED.

DATED: July 27, 2021

_____
HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE